UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>v.<br><br>CHRISTOPHER A. HOSHAW; and<br>ALL AROUND SPORTS, LLC,<br><br>          Defendants. | CR 18-40157<br><br>INFORMATION<br><br>CONSPIRACY TO COMMIT WIRE FRAUD & WIRE FRAUD<br><br>18 U.S.C. §§ 1343 & 1349 |

The United States of America, by and through Assistant United States Attorney Jeremy R. Jehangiri, charges and informs the Court:

COUNT 1

(Conspiracy to Commit Wire Fraud – 18 U.S.C. §§ 1343 and 1349)

A.   Introduction:

Beginning at a time unknown but no later than on or about December 2015, and continuing through December 2016, in the District of South Dakota and elsewhere, the Defendant, All Around Sports, LLC ("Defendant AAS"), with others known and unknown to the United States, did conspire to commit the offense of wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. By and through company representatives, Defendant AAS willfully and unlawfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property from others by means of false and fraudulent pretenses, representations, and promises. Defendant AAS knowingly participated as the conduit for and recipient of money transfers from sources that Defendant AAS

knew were the victims of the fraudulent scheme. Defendant AAS acted willfully, for the purpose of enriching itself, all as described and set forth below and in the Factual Basis Statement, and Defendant AAS knew of the unlawful purpose of the scheme when they participated in it.

B.   Object of the Conspiracy:

The object of Defendant AAS's conspiracy was enrichment of its owner, managers, and employees by obtaining fraudulent funds.

C.   Entities and Parties:

At times relevant to this case, Defendant AAS was a business located in a commercial building at 5440 West Franklin Road, Boise, Idaho 83705. According to materials attributed to the business, Defendant AAS's "primary goal is to partner with schools to help them fund their athletic programs while providing inexpensive advertising solutions for the local merchants who support those schools." Defendant AAS has a call center in which salespeople call businesses to try to sell advertisements of various sizes. These advertisements typically go on athletic posters for high schools located in the proximity of the businesses making the purchase.

OST is a federally recognized tribe, headquartered in Pine Ridge, South Dakota, with its lands within the exterior boundaries of the Pine Ridge Indian Reservation. Oglala Lakota College and Oglala College Center are also on the reservation, respectively located in Kyle and Oglala, South Dakota, and both colleges are associated.

Kokarmuit Corporation ("Kokarmuit") is a Native American for-profit retailer located at 101 Kokarmuit Street in Akiak, Alaska.

The City of Ambler is a predominantly Native American village located in the Northwest Arctic Borough, Alaska.

D.   Manner and Means of the Conspiracy:

At times relevant to this case, OST did not utilize electronic forms of payment to vendors; rather, after receiving an invoice from the vendor, OST paid its vendors only by paper check.  As part of this scheme, an individual employed at Oglala Lakota College, not OST, was contacted by Defendant AAS in order to fraudulently obtain authorization to unlawfully withdraw by wire funds belonging to OST, a governmental entity that operates independently from the colleges.

At times relevant to this case, Defendant Hoshaw was an owner, listed as the registered agent of Defendant AAS, and a signor of the account belonging to Defendant AAS into which the unlawfully acquired funds were deposited. Defendant Hoshaw, AAS Representative #1, and AAS Representative #2 used their respective e-mail accounts to engage in legitimate and illegitimate company business.  As part of this scheme and conspiracy, AAS Representative #1 e-mailed credit card authorization forms from Defendant AAS to OST tribal members of varying roles and responsibilities.  AAS Representative #1's e-mails sought e-signatures.  These e-mails originated from AAS Representative #1's computer located in Idaho and were sent to OST tribal-member computers located in South Dakota.  All customer responses were sent to AAS

[3]

Representative #1's company e-mail address or e-mail addresses under AAS Representative #1's control.

AAS Representative #2 made varying misrepresentations to victims to induce them to e-sign these forms. AAS staff pre-filled the forms and only required an e-signature, which is simply a typed name from the email recipient. The forms did not contain bank or credit card account information. OST tribal members who received AAS Representative #1's e-mails and forms did not provide Defendant AAS with bank account information, nor were these individuals in positions of authority or in a position to know what bank account information to provide. Many of the individuals who received these e-mails were unassociated with OST's tribal government. These authorization forms were used to justify or legitimize Defendant AAS's charges to OST's bank account.

To further the objectives of the conspiracy to commit wire fraud in 2016, Defendant AAS also engaged in fraudulent billing practices outside the District of South Dakota involving two customer accounts located in the State and District of Alaska. As to the first, Defendant AAS fraudulently withdrew $218,900.00 from Kokarmuit's bank account. As to the second, Defendant AAS fraudulently withdrew $90,000.00 from the City of Ambler's bank account.

E.   <u>Wires</u>:

At times relevant to his case, in the District of South Dakota and elsewhere, Defendant AAS and others known and unknown to the United States and the Court, having devised the above-described scheme and artifice to defraud, caused communications to be sent from Idaho to South Dakota and

elsewhere, and did knowingly use and cause communications to be transmitted in interstate or foreign commerce, by means of a wire communication, writings, signs, signals, and sounds, for the purpose of executing such scheme and artifice.

Defendant AAS's acts and omissions were in violation of 18 U.S.C. §§ 1343 and 1349.

COUNT 2

(Wire Fraud – 18 U.S.C. § 1343)

On or about May 11, 2016, in the District of South Dakota and elsewhere, the Defendant, Christopher A. Hoshaw, devised and intended to devise a scheme and artifice to defraud the Oglala Sioux Tribe, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises. For the purpose of executing the scheme and artifice, Christopher A. Hoshaw, did knowingly cause to be transmitted by means of wire communication in interstate commerce the signals and sounds, all in violation of 18 U.S.C. § 1343, to effectuate the withdrawal of funds from a banking account belonging to the Oglala Sioux Tribe, at The First National Bank of Gordon in Gordon, Nebraska, to an account belonging to All Around Sports, L.L.C., at Idaho Central Credit Union in the State and District of Idaho. The amount of the wire transfer was $54,000. The Oglala Sioux Tribe is a federally recognized tribe, headquartered in Pine Ridge, South Dakota, with its lands within the exterior boundaries of the Pine Ridge Indian Reservation. Defendant Hoshaw's conduct violated 18 U.S.C. § 1343.

Dated this 12th day of December, 2018.

                RONALD A. PARSONS, JR.
                United States Attorney

                Jeremy Jehangiri
                Assistant United States Attorney
                P.O. Box 2638
                Sioux Falls, SD 57101-2638
                Telephone: (605)357-2353
                Facsimile: (605)330-4410
                E-Mail: jeremy.jehangiri@usdoj.gov

Penalties:

Count 1:   Probation, a $500,000 fine, or both; $400 assessment; forfeiture; restitution.

Count 2:   20 years of custody, a $250,000 fine, or both; 3 years of supervised release, a violation of any condition of release could result in 2 years additional incarceration on any such revocation; $100 assessment; forfeiture; restitution.